

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 21 2005

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LEONARD MCDONALD                                          PETITIONER

v.                         NO. 3:02CV00388 JFF
                           NO. 5:03CV00309 JFF
                           NO. 5:03CV00319 JFF

DICK BUSBY, Sheriff,
Crittenden County, Arkansas                               RESPONDENT

### ORDER

Petitioner has filed a *pro se* motion for appointment of counsel (# 52), motion for leave to appeal (# 52), and motion for leave to proceed *in forma pauperis* on appeal (# 56). Counsel for Petitioner has filed a *ex parte* motion to extend time to file notice of appeal, an application for a certificate of appealability, a motion for leave to withdraw as counsel, and a motion for appointment of substitute counsel to handle Petitioner's appeal. See docket entry # 54.

On April 28, 2005, this Court entered an order and judgment dismissing Petitioner's petitions for writ of habeas corpus in three consolidated cases – case numbers 3:02CV00388, 5:03CV00309, and 5:03CV00319. Petitioner raised two claims in his habeas petition. He first contended that he was convicted and incarcerated in violation of his Sixth and Fourteenth Amendment right to counsel because the record does not reflect that he was advised of his right to counsel, that he was advised of the dangers and disadvantages of self-representation, and that he validly waived his right to counsel. The Court held that this claim was without merit. The Court found that

Petitioner failed to satisfy his burden of proving that he did not competently and intelligently waive his right to the assistance of counsel. The Court found that in view of the evidence showing that it was Judge William Rainey's practice during the time that Petitioner entered his pleas to advise defendants of their right to counsel, the charges against them, and the range of allowable punishments, a preponderance of the evidence demonstrated that Petitioner, before pleading guilty or *nolo contendere*, was advised of his right to counsel, the charges against him, and the range of allowable punishments. The Court concluded that no further elaboration was constitutionally required. The Court further found that in view of the fact that Petitioner filed his first habeas corpus petition in this Court in November of 2002 alleging that his April 10, 2002, guilty plea to theft of property was obtained in violation of his right to counsel, he was well aware that he was entitled to counsel on his pleas entered on April 14, 2003, and August 20, 2003. The Court found that after Petitioner was advised of his right to counsel, the charges against him, and the range of allowable punishments, he competently and intelligently waived his right to counsel and entered pleas to the charges.

In his second claim, Petitioner contended that he was denied his Sixth and Fourteenth Amendment right to counsel on appeal to circuit court from the judgments of conviction entered against him in district court because he was never appointed counsel to pursue appeals to circuit court nor advised he had the right to appointed counsel to pursue such appeals. The Court found that this claim was without merit. The Court concluded that the Constitution is not violated by a district court's failure to advise a defendant of his right to an appeal from his plea of guilty or *nolo contendere*

-2-

to circuit court and that, therefore, the Constitution is not violated by a district court's failure to advise an indigent defendant of his right to appointed counsel to pursue such an appeal, particularly where, as in this case, the defendant has already competently and intelligently waived his right to assistance of counsel. Finally, the Court found that the district court had no obligation to appoint counsel for Petitioner absent some indication from Petitioner that he wished to appeal and that he was indigent.

On June 3, 2005, Petitioner, who is incarcerated at the Crittenden County Detention Facility, filed his motion for leave to appeal (# 52). The motion bears a postmark date of June 2, 2005. The Court construes the motion for leave to appeal as a notice of appeal[1] and denies the motion for leave to appeal as moot.

On June 10, 2005, Petitioner's counsel filed his *ex parte* motion for an extension of time to file notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure (# 54).

Rule 4(a)(5) permits a district court to grant a motion for extension of time to file a notice of appeal if the moving party can show "excusable neglect or good cause."[2]

---

[1] To be timely, the notice of appeal had to deposited in the institution's internal mail system on or before May 31, 2005, the last day for filing the notice of appeal pursuant to Fed. R. App. P. 4(a)(1). See Fed. R. App. P. 4(c)(1). On June 15, 2005, this Court entered an order directing Petitioner to file by June 20, 2005, a statement informing the Court of the date he gave his motion for appointment of counsel/motion for leave to appeal to jail officials for mailing. Petitioner has not responded to the order. Under the circumstances, the Court finds that Petitioner has not met his burden of demonstrating that he tendered his notice of appeal to prison officials for mailing on or before May 31, 2005.

[2] The moving party must also file for the extension within thirty days after the Rule 4(a)(1) deadline (30 days after the judgment or order appealed from is entered). Fed. R. App. P. 4(a)(5)(A)(i).

-3-

Fed. R. App. P. 4(a)(5)(A)(ii). "Good cause" and "excusable neglect" are distinctly different standards. "The good cause standard applies where there is no fault -- excusable or otherwise." Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes (2002 Amendments); Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003). "In such situations the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes (2002 Amendments). A movant might have good cause, for example, if the Postal Service fails to deliver a notice of appeal. Id. "The excusable neglect standard applies in situations where there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." Id.

In support of his motion for extension, counsel states that he failed to file a timely notice of appeal on behalf of Petitioner because he had a criminal trial in Faulkner County on May 31, 2005, the date that the thirty-day time limit for filing a notice of appeal expired. The good cause standard is inapplicable in this case Plaintiff's counsel was at fault for failing to timely file the notice of appeal. Counsel could have filed the notice of appeal prior to May 31, 2005.

In determining whether a party's neglect is excusable, a court should consider the circumstances surrounding the party's omission, including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Lt. Partnership, 507 U.S. 380, 395 (1993); Gibbons, 317 F.3d at 854. These factors do not carry equal weight. "[T]he excuse given for the late

-4-

filing must have the greatest import." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000); Gibbons, 317 F.3d at 854.

The Court finds that there is little danger of prejudice to the nonmovant. The length of the delay and good faith factors are, at best, neutral. With respect to the most important factor, the excuse given for the late filing, Petitioner's counsel states that he failed to timely file the notice of appeal because he had a criminal trial in Faulkner County on the last day for filing a timely notice of appeal – May 31, 2005. However, he does not explain why he could not have filed the notice of appeal prior to May 31, 2005. After considering the relevant factors, the Court finds that Petitioner's counsel has not shown excusable neglect and denies his motion for extension of time to file notice of appeal.

Petitioner has filed an application for a certificate of appealability (# 54). A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 894 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484; Miller-El v. Cockrell,

-5-

123 S.Ct. 1029, 1039 (2003).

Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. Accordingly, the Court finds that a certificate of appealability should not issue and denies Petitioner's application for a certificate of appealability.

Petitioner's counsel has filed a motion for appointment of substitute counsel to handle Petitioner's appeal "if the Court is inclined to grant" a certificate of appealability. See docket entry # 54. The Court has denied Petitioner's application for a certificate of appealability. Accordingly, the Court denies counsel's motion for appointment of substitute counsel. Counsel also has filed a motion for leave to withdraw as Petitioner's counsel (# 54). The Court denies the motion. Petitioner has filed a motion for appointment of a new attorney, stating that his lawyer has told him that he is "off the case" (# 52). Inasmuch as Petitioner's counsel still represents Petitioner in this case, the Court denies the motion.

Finally, Petitioner has filed a motion for leave to proceed *in forma pauperis* on appeal (# 56).[3] Petitioner was permitted to proceed *in forma pauperis* before this Court in this habeas action. A party who was permitted to proceed *in forma pauperis* in the district court action may proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states

---

[3] The Court notes that Petitioner seeks leave to proceed *in forma pauperis* on appeal to "the Supreme Court of Arkansas." The Court liberally construes the motion for leave to proceed *in forma pauperis* on appeal as seeking leave to appeal *in forma pauperis* to the Eighth Circuit.

-6-

in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3). The Court does not so certify, find, or state. The Court finds, therefore, that Petitioner is authorized by Fed. R. App. P. 24(a)(3) to proceed *in forma pauperis* on appeal without further authorization. Accordingly, the Court denies as moot Petitioner's motion for leave to proceed *in forma pauperis* on appeal.

THEREFORE, the Court:

1. Denies Petitioner's motion for appointment of counsel (# 52);

2. Denies as moot Petitioner's motion for leave to appeal (# 52) and motion for leave to proceed *in forma pauperis* on appeal (# 56); and

3. Denies Petitioner's counsel's *ex parte* motion to extend time to file notice of appeal (# 54), application for a certificate of appealability (# 54), motion for leave to withdraw as counsel (# 54), and motion for appointment of substitute counsel to handle Petitioner's appeal (# 54).

IT IS SO ORDERED this 21st day of July, 2005.

                                                            UNITED STATES MAGISTRATE JUDGE